J-S21018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.S., MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2032 EDA 2023 |

Appeal from the Dispositional Order Entered July 10, 2023
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-JV-0001161-2023

BEFORE:  LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.:                **FILED NOVEMBER 14, 2024**

Appellant D.S. appeals from the dispositional order entered following his adjudication of delinquency for possession of a firearm as a minor and possession of a firearm prohibited.[1]  Appellant challenges the admission of Instagram Live video evidence and a law enforcement agent's lay opinion testimony regarding that video evidence.  We affirm.

We adopt the juvenile court's summary of the relevant facts and procedural history.  *See* Juvenile Ct. Op., 10/30/23, at 2-5.  Briefly, Appellant admitted to possession of a firearm as a minor and was adjudicated delinquent on April 21, 2023.  *See* Commonwealth Exhibit C-4.  Prior to adjudication, Appellant resided with his father in Upper Darby, Pennsylvania, and subsequent to this adjudication Appellant was placed on probation under GPS

_____

[1] 18 Pa.C.S. §§ 6110.1(a) and 6105(a)(1), respectively.

monitoring and released to the custody of his mother, who resided in Philadelphia, Pennsylvania. *See* N.T., 7/10/23, at 56-57. The juvenile court summarized the testimony of Agents Andrea Guse and Kyle Boyd of the Pennsylvania Office of Attorney General Gun Violence Task Force as follows:

> on June 12, 2023, [Agent Guse] received information about an Instagram Live [video] regarding an investigation with [Appellant]. N.T. 7/10/23, 7, 13. She explain[ed] that Instagram Live is when the user goes live to broadcast everything happening at that moment, and anyone with an email, phone number, and phone can access Instagram. *Id.* at 12. She is familiar with [Instagram Live] because she has personal and professional experience and knowledge of using Instagram. *Id.* After she received the Instagram Live video and other information from an Upper Darby police officer and [also] a Juvenile Probation officer, she followed up with both sources regarding the video. *Id.* at 16. After watching the video and following up, she [applied for] a search warrant for [Appellant's residence], [which was] approved by a judge. *Id.* at 16-17. Then, on June 15, 2023, Agent Guse and the gun violence team went to [Appellant's residence] to execute the search warrant. *Id.* at 19. At the house, she saw [Appellant] coming from the second floor to be present with other family members. *Id.* at 30. At the trial, the Commonwealth presented a stipulation by and between counsels that on June 7, 2023, [Appellant] was on GPS at [Appellant's residence] at the same property [Appellant] was seen by Agent Guse on June 15, 2023. *Id.* at 21, 30.
>
> Furthermore, Agent Guse recognized an Instagram Live video presented by the Commonwealth [at trial] to be the same video she received regarding an investigation with [Appellant]. *Id.* at 23. She was able to say that [Appellant was] in the top right in the video holding a black color firearm with an extended magazine seated and a laser sight attached on his right hand. *Id.* at [25]. Based on her training and experience, Agent Guse recognized the firearm in [Appellant]'s right hand as a Taurus semi-automatic handgun. *Id.* at 26-27. During cross-examination, she stated that the police recovered the firearm from a bookbag inside a [] closet [of a bedroom used by females] and that the bookbag belonged to another male resident of the house. *Id.* at 29-30.

. . . Agent Kyle Boyd testified that he executed a search warrant on June 15, 2023, at [Appellant's residence] in . . . Philadelphia. He recovered a black Taurus G3, nine-millimeter with an extended magazine and a laser sight attachment . . . from a bookbag. Agent Boyd then placed the recovered firearm in the property receipt 3609681 and confirmed that the photographs presented at trial . . . [were] fair and accurate descriptions of the firearm he recovered. *Id.* at [33-]34. During the trial, both defense counsel and the Commonwealth stipulated that Officer Andrewjczak reviewed the firearm placed on property receipt 3609681, and it was a black Taurus firearm. *Id.* at [36].

Juvenile Ct. Op. at 3-5 (some formatting altered).

On the same date as the search of Appellant's residence, the Commonwealth filed a delinquency petition alleging that Appellant committed the delinquent act of possession of a firearm by a minor. *See* Delinquency Petition, 6/15/23. The following day, the Commonwealth amended this petition to add the count of possession of a firearm prohibited, based on Appellant's prior adjudication for possessing a firearm as a minor. *See* Juvenile Ct. Order, 6/16/23. After a hearing, the juvenile court adjudicated Appellant delinquent on both counts and entered a dispositional order on July 10, 2023.

Appellant filed a timely notice of appeal, and both Appellant and the juvenile court complied with Pa.R.A.P. 1925. Appellant raises the following issues on appeal:

1. Did not the [juvenile] court err and abuse its discretion by allowing into evidence a video purporting to be an Instagram [L]ive video that was not properly authenticated and the authorship of the video was never established?

2. Did not the [juvenile] court err and abuse its discretion in permitting an agent of the office of the Pennsylvania Attorney

- 3 -

General to testify as a lay witness regarding how Instagram [L]ive works in violation of Pa.R.E. 701 and 702?

Appellant's Brief at 3 (some formatting altered).[2]

In its Rule 1925(a) opinion, the juvenile court aptly addressed Appellant's issues and correctly concluded that Appellant was not entitled to relief. Following our review of the record, the parties' briefs, and the relevant law, we affirm on the basis of the juvenile court's opinion addressing the lay

_____

[2] In his Rule 1925(b) statement, Appellant also challenged the sufficiency of the evidence. **See** Appellant's Rule 1925(b) Statement, 9/15/23, at 2. Appellant has abandoned these sufficiency claims on appeal as he has proffered no argument related to them, and these issues are therefore waived. **See** Pa.R.A.P. 2116(a), 2119(a); **see also Commonwealth v. McGill**, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned claim on appeal).

Additionally, Appellant now objects that the Instagram Live video evidence may be "manipulated" or "falsified," or be a "deepfake[.]" Appellant's Brief at 17-19. Appellant did not, however, raise these objections to the video before the juvenile court at the adjudicatory hearing. Pursuant to Pa.R.A.P. 302(a), issues not raised at trial are waived and cannot be raised for the first time on appeal, to "ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue, which in turn advances the orderly and efficient use of our judicial resources, and provides fairness to the parties." **See Commonwealth v. Eisenberg**, 98 A.3d 1268, 1274 (Pa. 2012) (some formatting altered and citation omitted); **see also In re R.N.**, 951 A.2d 363, 371 (Pa. 2008) ("in juvenile proceedings, appellants must preserve issues on appeal by raising them in the [juvenile] court; otherwise, they are waived" and "while juvenile proceedings are not quite civil and not quite criminal, the purposes of the waiver doctrine argue for its application in such proceedings" (some formatting altered and citations omitted)).

witness testimony and admissibility of the Instagram Live video evidence. *See* Juvenile Ct. Op., 10/30/23, at 5-8.[3]  Accordingly, we affirm.[4]

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2024

_____

[3] We note that the juvenile court's opinion contains two relevant typographical errors.  The first sentence under the Lay Witness Testimony section on page 5 of the juvenile court's opinion should read: "The [juvenile] court has the discretion to allow [**a lay**] witness to testify in the form of an opinion if the opinion is rationally based on the witness's perception, which is helpful to the trier of fact to determine the issue."  *See* Juvenile Ct. Op., 10/30/23, at 5 (citation omitted).  Additionally, the first sentence of the next paragraph on page 5 should read: "Here, [Appellant] claims Agent Guse's testimony on how Instagram Live works [**fails to comply**] with Pa. R.E. 701 and 702 because it is specialized knowledge."  *See id.*

[4] The parties are directed to attach a copy of the juvenile court's opinion in the event of further proceedings.